UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| GIBERAL GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-269 |
| | ) | |
| NATHAN BROOKS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Giberal Green has filed a 28 U.S.C. § 2254 petition seeking review of a 2004 conviction for murder and aggravated assault. Doc. 1. For the following reasons, his petition should be **DISMISSED** as untimely. Accordingly, his motion for leave to proceed *in forma pauperis* should be **DISMISSED AS MOOT**.

Green pled guilty to one count each of murder and aggravated assault.[1] Doc. 1 at 4. On September 23, 2004, he was sentenced to life in prison with the possibility of parole after 14 years on the murder charge and five years, to run concurrently, on the charge of aggravated assault. *Id.* Green did not appeal his conviction, which became final on October

---

[1] Green was also charged with one count of aggravated battery. Doc. 1 at 4. A *nolle prosequi* was formally entered on this count. *Id.*

25, 2004.[2] *Id.* He filed a habeas petition in Tattnall County on July 10, 2008, which was denied on June 15, 2016. Doc. 1 at 4–5. A second appeal was filed on June 15, 2016 and denied as successive on July 28, 2017. Doc. 1 at 5.

Federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Green filed his first state habeas petition almost four years after his conviction became final. Doc. 1 at 4. During that time, his opportunity to file a federal habeas petition expired. Though the statute of limitations would generally be tolled by pending state court habeas actions, 28 U.S.C. § 2244(d)(1)(A), as the one-year period elapsed before the first state petition was filed, Green's current effort is unsalvageable. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("a state court petition . . . filed following the expiration of the federal limitations period cannot toll

---

[2] Under Georgia law, absent a tolling action, a notice of appeal must be "filed within 30 days after entry of the appealable decision or judgment." O.G.C.A. § 5-6-38.

that period because there is no period remaining to be tolled." (internal quotations and citations omitted)).  He also delayed more than two years in filing this federal petition after the resolution of his second state effort. Doc. 1 at 4.  As such, Green's § 2554 petition is untimely.

Despite its apparent deficiency, the petition may be considered timely if Green is entitled to equitable tolling of the filing deadline. *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)).  "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Green has offered no suggestion that his delays in filing his first state and federal habeas petitions were due to such extraordinary circumstances.  Therefore, equitable tolling is not appropriate.

Accordingly, Green's § 2254 petition is untimely and should be **DISMISSED**.  Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this

stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 22nd day of October, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA