IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GIBERAL GREEN,

    Plaintiff,

v.

NATHAN BROOKS, *et al.,*

    Defendants.

CIVIL ACTION NO.: 4:19-cv-269

## O R D E R

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's October 22, 2019, Report and Recommendation, (doc. 5), to which the petitioner has filed objections, (doc. 6). Petitioner has also filed two documents which he styles as motions for writs of mandamus, which the Court construes as supplementing petitioner's objections, (docs. 10 and 15). Petitioner's objection fails to establish that he is entitled to equitable tolling of the statute of limitations for this petition. As such, the Court **ADOPTS** the Report and Recommendation as supplemented herein as the opinion of the Court.

The Magistrate Judge issued his Report and Recommendation on October 22, 2019, recommending that the petition be dismissed as time-barred as it was filed well beyond the one year statute of limitation for such actions. (See doc. 5.) Before the Court disposed of the Report and Recommendation, petitioner filed an appeal with the Eleventh Circuit Court of Appeals. Green v. Warden, et al., No 19-14614 (11th Cir. Nov. 19, 2019). The Eleventh Circuit dismissed the appeal for want of jurisdiction, as it is not a final and appealable order.[1]  Green v. Warden, et

---

[1] The Eleventh Circuit, thereafter, denied petitioner's motion for reconsideration. Green v.

al., No 19-14614 (11th Cir. Jan. 16, 2020) (order dismissing appeal). The dismissal was subsequently adopted as an order of the Court. (Doc. 19.) As consideration of the appeal arguably divested the Court of jurisdiction to adopt the Report and Recommendation, the Court took no further action during its pendency. As the Eleventh Circuit's dismissal removes any potential jurisdictional obstacles, the Court now considers petitioner's objections.

Petitioner pleaded guilty to one count of murder and one count of aggravated assault. (Doc. 1, p. 4.) The judgment became final on October 25, 2004.[2] Nearly four years later, in October 2008, petitioner filed his first state habeas action. Id. Following the denial of the petition in June 2016, he immediately filed a second petition, which was denied as successive on July 28, 2017. (Id. at 4–5.) Petitioner filed this action pursuant to 28 U.S.C. § 2254 on October 18, 2019. (Id. at 5.)

The Magistrate Judge recommended dismissal of the petition because it was filed several years after the expiration of the applicable statute of limitations. (Doc. 5.) Federal habeas petitions brought under Section 2254 must be filed within one year of the underlying judgment becoming final. 28 U.S.C. § 2254(d)(1). Petitioner's argues that his petition should be considered timely as he in entitled to equitable tolling. He is not. "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." Aureoles v. Sec'y, D.O.C., 609 F. App'x. 623, 624 (11th Cir. 2015) (citing Damren v. Fla., 776 F.3d 816, 820 (11th Cir. 2015)). Petitioner alleges that he was impaired in his ability to seek habeas relief because his

---

Warden, et al., No 19-14614 (11th Cir. Feb. 25, 2020) (order denying motion for reconsideration)

[2] Petitioner was sentenced on September 23, 2004, and did not file and appeal. (Doc. 1, p. 4.) Under Georgia law, a notice of appeal must be "filed within 30 days after entry of the appealable decision or judgment." O.C.G.A. § 5-6-38.

appointed counsel did not provide a copy of the state's discovery package during or after his criminal trial.  (Doc. 6, pp. 1–2.)  He was only able to obtain a copy of the discovery in February 2007 after filing a *pro se* motion for a copy of the record.  (Id. at p. 2.)  He further avers that he was unable to file his habeas petition immediately after receiving the discovery file, because Smith State Prison officials withheld his property and legal materials while he was held at Georgia State Prison.  (Id.; see also docs. 10, 15.)

Counsel's failure to provide copies of discovery during and immediately after trial does not rise to the level of an "extraordinary circumstance" warranting equitable tolling.  See Powe v. Culliver, 205 F. App'x 729, 732 (11th Cir. 2006) ("Mere attorney negligence is not a basis for equitable tolling (citing Helton v. Sec'y for Dep't of Corr. 259 F.3d 1310, 1313 (11th Cir. 2001)); see also Everett v. Barrow, 861 F.Supp.2d 1373, 1374 (S.D. Ga. 2012) (finding petitioner not entitled to equitable tolling based on counsel's failure to provide information, despite being repeatedly asked).  Even if it was, petitioner failed to diligently pursue his rights.  Equitable tolling requires "reasonable diligence, not maximum diligence."  San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (internal quotations omitted).  Where attorney inaction or malpractice is offered as the basis for equitable tolling, reasonable diligence considers "the petitioner's own actions in the face of his attorney's inaction."  See George v. Sec'y Dep't of Corr., 438 F. App'x. 751, 753 (11th Cir. 2011) (citing Holland, 560 U.S. at 653–54).  In this case, petitioner waited more than two years to file a *pro se* request for a copy of the discovery.  Even after receiving the documents, he waited nearly seventeen months to file his first state habeas petition.  After his state efforts proved fruitless, petitioner waited fifteen months to file this petition.  Each of these individual periods exceeded the statute of limitations and demonstrate a lack of diligence.

Accordingly, petitioner's failure to show an extraordinary circumstance and his failure to demonstrate his own diligence each preclude equitable tolling. Thus, the Court overrules the objection, **ADOPTS** the October 22, 2019, Report and Recommendation (doc. 5) as supplemented herein as the opinion of the Court, and **DISMISSES** the petition.   The Court **DENIES** Petitioner's motions for writs of mandamus, (docs. 10, 15), as moot.   The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 5th day of August, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA